IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00182-BNB

TIMOTHY DOYLE YOUNG, #60012-001,

    Plaintiff,

v.

BOP

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Timothy Doyle Young, a federal prisoner currently housed in the State of Colorado, originally filed a Petition for Mandamus in the United States District Court for the District of Columbia (District of Columbia). The District of Columbia determined that venue in the instant action properly lies in the United States District Court for the District of Colorado and entered an order that transferred the action to this Court.

The Court must construe the request for a Writ of Mandamus liberally because Mr. Young is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the request will be denied and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the instant action, Mr. Young claims that his right to access to the courts has been denied because Defendant has withdrawn his photocopying privileges and has

established new procedures to obtain certified account statements in retaliation for Plaintiff filing complaints.

Mr. Young has a lawsuit pending in this Court against Warden R. Wiley, *Young v. Wiley*, No. 07-cv-02240-BNB (D. Colo. Submitted Oct. 24, 2007), in which he raises the exact same claims as he raises in the instant action. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

To the extent that Mr. Young has filed the instant action pursuant to 28 U.S.C. § 1361, a federal district court has jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, however, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). To grant mandamus relief, a court must find that the plaintiff has a clear right to the relief sought, that the defendant has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

2

The extraordinary remedy of mandamus is not appropriate in this action. Mr. Young fails to demonstrate that he has a clear right to the relief he seeks, that Defendants have a duty to perform the act in question, or that no other adequate remedy is available. To the contrary, Mr. Young has an adequate remedy that he currently is pursuing in Case No. 07-cv-02240-BNB. To the extent that he has a right to the relief he seeks and that Defendant has a duty to perform the act in question, the issues will be decided in Case No. 07-cv-02240-BNB. Therefore, the instant action is no more than repetitious litigation and will be dismissed as frivolous and malicious.

Plaintiff is instructed to refrain from filing repetitious litigation with this Court or any other federal district court regarding issues where venue properly lies in this Court. Accordingly, it is

ORDERED that the request for a writ of mandamus is denied. It is

FURTHER ORDERED that the action is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 28 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00182-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/3/08.

                                  GREGORY C. LANGHAM, CLERK

                        By: _____
                                Deputy Clerk